## In The United States District Court
## For The Southern District Of Texas
## Houston Division

| | | |
|---|---|---|
| Oston Fernandes, | ) | |
|     Plaintiff | ) | Civil Action |
| | ) | File No. 4:21-cv- |
| v. | ) | |
| | ) | |
| Northline Enterprises, Inc.; Mehendi Karim | ) | Jury Demanded |
| Maknojia; Yasin Ishaq Maredia; and | ) | |
| Rajab Ali Momin | ) | |
|     Defendants. | ) | |
| | ) | |

## Plaintiff's Original Complaint

COMES NOW PLAINTIFF, Oston "Edgar" Fernandes ("Mr. Fernandes" or "Plaintiff"), and complains of Northline Enterprises, Inc.; Mehendi Karim Maknojia; Yasin Ishaq Maredia; Rajab Ali Momin and Zulfiqarali Maknojia (collectively, the "Defendants"), and for cause of action would respectfully show the Court as follows:

## I.
## Introduction and Summary of Suit

1.     Mr. Fernandes brings this civil action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for Defendants' willful violations of the FLSA.

2.     Defendants own, operate and control gasoline stations and convenience stores in the Houston Metropolitan area.

3.     Employed as a store clerk for the Defendants, Mr. Fernandes routinely worked in excess of 40 hours a week but did not receive overtime wages as the FLSA requires.

4.     Thus, Plaintiff seeks unpaid overtime wages, liquidated damages, attorney's fees, costs of the action, and post-judgment interest from the Defendants.

## II.
### SUBJECT MATTER JURISDICTION AND VENUE

5.      Mr. Fernandes brings before the Honorable Court claims pursuant to a federal statute, the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and the Court thus has federal question jurisdiction pursuant to 28 U.S.C. §1331.

6.      Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
### PARTIES AND PERSONAL JURISDICTION

7.      Plaintiff, **Oston Fernandes**, is a resident of Harris County, Texas. Plaintiff was an employee engaged in interstate commerce while he worked for the Defendants as a gasoline station and convenience store clerk.

8.      Defendant, **Northline Enterprises, Inc.**, is a Texas corporation to be served with summons and complaint by serving its duly appointed registered agent, Mr. Rajab Ali Momin, at the address the legal entity designates for service, 5119 Beacon Point, Sugar Land, Texas 77479. This Defendant is engaged in business in the State of Texas by its ownership and operation of one or more gasoline stations and/or convenience stores. For this reason, the Court has personal jurisdiction over this Defendant.

9.      Defendant, **Mehendi Karim Maknojia,** may be served with summons and complaint at 11707 Kirkshaw Drive, Richmond, Texas 77407.  This Defendant has acted, directly or indirectly, in the interest of an employer with respect to an employee, namely, Mr. Fernandes. Further, this Defendant resides, and is engaged in business, in the State of Texas. For this reason, the Court has personal jurisdiction over this Defendant.

10.     Defendant, **Yasin Ishaq Maredia,** may be served with summons and complaint at 6411 Apsley Creek Lane, Sugar Land, Texas 77479. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to an employee, namely, Mr. Fernandes.

Further, this Defendant resides, and is engaged in business, in the State of Texas. For this reason, the Court has personal jurisdiction over this Defendant.

11.     Defendant, **Rajab Ali Momin,** may be served with summons and complaint at 5119 Beacon Point, Sugar Land, Texas 77479. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to an employee, namely, Mr. Fernandes. Further, this Defendant resides, and is engaged in business, in the State of Texas. For this reason, the Court has personal jurisdiction over this Defendant.

12.     Whenever the complaint alleges that one or more Defendant committed any act or omission, it is meant that such act or omission was not only committed individually or jointly by those Defendants, but also by Defendants' officers, directors, vice-principals, agents, servants, or employees, and that at the time such act or omission was committed, it was done with full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of one or more Defendant's officers, directors, vice-principals, agents, servants, or employees.

## IV.
## FLSA COVERAGE

13.     Plaintiff alleges a willful violation of the FLSA.  As such, for purposes of this civil action, the "relevant period" is the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter until time of trial and judgment.

14.     During the relevant period, each Defendant was an "employer". 29 U.S.C. § 203(d).

15.     During the relevant period, Mr. Fernandes was an "employee". 29 U.S.C. § 203(e).

16.     During the relevant period, the Defendants collectively constituted an "enterprise". 29 U.S.C. § 203(r); 29 U.S.C. § 203(s)(1)(A).

17.     During the relevant period, the Defendants together were an integrated enterprise. *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

18.     During the relevant period, Defendants were an enterprise engaged in commerce or in the production of goods for commerce because they had employees who were engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 203(s)(1).

19.     Furthermore, Defendants have had, and continue to have, annual gross business volume in excess of the statutory standard.

20.     During the relevant period, Mr. Fernandes was an individual employee engaged in commerce. 29 U.S.C. § 207.

## V.
### FACTS

21.     The Defendants employed Mr. Fernandes from July 5, 2019, until December 19, 2020, as a store clerk at their CITGO branded gasoline station and convenience doing business as "Quick Food Store #19" and "Fast Run #3"; the business is located at 204 E. Little York Road, Houston, Texas 77076 (hereinafter, "CITGO").

22.     During his employment, Mr. Fernandes worked overtime on a weekly basis, working an average of 84 hours a week.

23.     The Defendants promised that Mr. Fernandes would receive $10.00 per hour.

24.     Not only did the Defendants fail to fulfill their statutory obligation to pay overtime, they also failed to maintain the records pertaining to Mr. Fernandes' employment.

25.     At the CITGO, Mr. Fernandes performed duties typically performed by a gas station and convenience store clerk, such as operating the cash register, assisting local and out-of-state customers with their purchases, stocking inventory on shelves, and cleaning the premises.

26.     The Defendants controlled Mr. Fernandes' terms and conditions of employment, including decisions relating to the non-payment of overtime wages, Mr. Fernandes' hourly pay rate, and the number of hours Mr. Fernandes' worked during each workweek.

27.     The Defendants own, control and operate the CITGO, and did so during the relevant period.  Likewise, the Defendants possessed authority to make all decisions pertaining to operation of the CITGO.

28.     During the relevant period, Defendants willfully and purposefully failed to pay the overtime wages Mr. Fernandes earned and was owed under the FLSA.  To the maximum extent of the law, Mr. Fernandes now seeks to recover from the Defendants all overtime wages due.

## VI.
### CAUSE OF ACTION AND DAMAGES SOUGHT

<u>Violation of the FLSA – Failure to pay overtime wages to Plaintiff</u>

29.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

30.     Defendants violated the FLSA by failing to pay Mr. Fernandes' overtime wages as 29 U.S.C. § 207 requires.

31.     Defendants also committed repeated and willful violations of the recordkeeping requirements of the FLSA and its regulations. *See,* 29 U.S.C. §211(c); 29 C.F.R. §516. 29; and C.F.R. §516.27.

32.     During the relevant period, Mr. Fernandes was a non-exempt employee – that is, he was entitled to receive overtime pay for all hours he worked in excess of 40 during each seven-day workweek.

33.     During his employment with the Defendants, Mr. Fernandes worked overtime hours on a weekly basis at the request of his employer.

34.     During the relevant period, Defendants were aware of the overtime pay requirements the FLSA imposed upon them.

35.     Nevertheless, Mr. Fernandes received no overtime wages.

36.     Defendants' knowing, repeated and consistent failure to pay overtime to Mr. Fernandes on a weekly basis amounts to a willful pattern and practice of conduct that violates the FLSA.

37.     Mr. Fernandes thus sues the Defendants for all unpaid overtime wages falling within the relevant period.

38.     Mr. Fernandes sues for liquidated damages in an amount equaling the sum the jury awards for overtime wages under 29 U.S.C. § 207; for attorney's fees and costs under 29 U.S.C. §216(b); and, for post-judgment interest at the highest rate allowed by law.

## VII.
### JURY DEMAND

39.     Mr. Fernandes demands a jury trial.

## VIII.
### PRAYER FOR RELIEF

FOR ALL OF THESE REASONS, Plaintiff Oston Fernandes respectfully requests that upon final hearing the Honorable Court grant relief by entering Final Judgment, jointly and severally, against Defendants Northline Enterprises, Inc.; Mehendi Karim Maknojia; Yasin Ishaq Maredia; Rajab Ali Momin and Zulfiqarali Maknojia, as follows:

a.     Declare the Defendants violated 29 U.S.C. § 207 because they failed to pay Plaintiff's overtime wages;

b.     Declare the Defendants' violations of the FLSA are willful;

c.     Order Defendants to pay Mr. Fernandes' unpaid overtime wages;

d.     Order Defendants to pay liquidated damages in an amount equal to Mr. Fernandes' unpaid overtime wages;

e.     Order Defendants to pay Mr. Fernandes' reasonable attorney's fees and all costs of litigation; and,

f.     Order Defendants to pay post-judgment interest accessed at the highest lawful rate on all amounts, including attorney fees and litigation costs.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By:    */s/ Salar Ali Ahmed*
          **Salar Ali Ahmed**
          Federal Id. No. 32323
          State Bar No. 24000342
          430 W. Bell Street
          Houston, Texas 77019
          Telephone: (713) 898-0982
          Email: aahmedlaw@gmail.com

          **Attorney for Plaintiff**
          **Oston Fernandes**