United States District Court
Southern District of Texas
**ENTERED**
July 25, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Oston Fernandes, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action H-21-482 |
| | § | |
| Northline Enterprises, Inc., et al., | § | |
|     Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court is Plaintiff's Motion for Summary Judgment. ECF No. 13.[1] The court recommends that summary judgment be granted as to actual and liquidated damages, but that the request for attorney's fees be granted in part.

### 1. Background and Facts[2]

This case is brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219. Defendants own and operate a CITGO convenience store and gas station. ECF No. 13 at 9. Plaintiff worked as a store clerk from July 5, 2019, to December 19, 2020. *Id.* His duties included operating the cash register, stocking

---

[1] Also pending is Plaintiff's Motion for Contempt and Discovery Sanctions. ECF No. 24. On the record at the hearing held on May 9, 2022, Plaintiff's counsel withdrew his request for sanctions based on any alleged contempt of court. Because, as will be explained below, Defendants now concede Plaintiff's entitlement to actual and liquidated damages and contest only the amount of attorney's fees, the court concludes that the request for discovery sanctions is now moot. Plaintiff's Motion for Contempt and Discovery Sanctions is therefore DENIED as MOOT.

[2] Because Plaintiff's summary judgment motion is unopposed and the relief sought is almost entirely uncontested, the court takes the facts as set forth in the motion for summary judgment as true.

shelves, and cleaning. *Id.* Plaintiff worked overtime on a weekly basis. *Id.* He worked an average of 84 hours per week at straight time pay of $10 per hour. *Id.* He was not paid any overtime wages for the hours worked in excess of forty in a workweek. *Id.*

### 2. Summary Judgment Standard of Review

"Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the nonmovant, 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Davenport v. Edward D. Jones & Co.*, 891 F.3d 162, 167 (5th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)). No genuine issue of material fact exists if a rational jury could not find for the nonmoving party based on the complete record. *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 455 (5th Cir. 2019) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

### 3. Unpaid Wages

Under 29 U.S.C. § 207(a)(1), employees must be paid for all hours worked in excess of forty in a workweek at a rate of not less than one and one-half their regular rate of pay. Subject to several exceptions not applicable here, the "regular rate" of pay is defined as "all remuneration for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e). Plaintiff's counsel has provided a tabulation of

Plaintiff's unpaid overtime. ECF No. 13-5. It is undisputed that Plaintiff worked the hours documented and that he was not paid overtime for those hours. Defendants are therefore liable for $16,660 in unpaid overtime wages. *See* 29 U.S.C. § 207(a)(1).

The FLSA allows for an award of liquidated damages equal to the amount of unpaid wages. 29 U.S.C. § 216(b). However, "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act," the court may decline "in its sound discretion" to award liquidated damages. 29 U.S.C. § 260. Even if a defendant shows subjective good faith and objective reasonableness for failing to comply with the FLSA, the district court may nevertheless exercise its discretion to award liquidated damages. *Solis v. Hooglands Nursery, L.L.C.*, 372 F. App'x 528, 530 (5th Cir. 2010). Defendants make no attempt to avoid an award of liquidated damages. Thus, liquidated damages in the amount of $16,660 are warranted. *See* 29 U.S.C. § 216(b).

**4. Attorney's Fees and Costs**

The FLSA allows for the imposition of attorney's fees and costs to the prevailing party. 29 U.S.C. § 216(b). Defendants do not argue that some amount of attorney's fees is warranted. They contest only the number of hours and the hourly rate that Plaintiff's counsel requests.

3

### a. Attorney's Fees

Determination of a reasonable attorney's fee requires the court to "first calculate[] the 'lodestar' by multiplying the reasonable number of hours spent on the case by the reasonable hourly rate." *Sheffield v. Stewart Builders, Inc.*, Civil Action H-19-1030, 2021 WL 951897, at *2 (S.D. Tex. Mar. 10, 2021). In the second step, the court considers the *Johnson*[3] factors to determine whether the lodestar should be adjusted. *Id.* The party seeking attorneys' fees bears the burden to prove the reasonableness of the hours spent, the hourly rate, and that billing judgment was exercised. *Pathan v. Basit Enters., Inc.*, Civil Action No. H-09-1506, 2011 WL 13244519, at *3 (S.D. Tex. Jan. 18, 2011).

### i. Reasonable Rates

To determine the reasonable hourly rate, courts must "consider the attorney's regular rates as well as the rate 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Pathan*, 2011 WL 13244519, at *4 (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). Evidence of the reasonableness of the requested rate must include the attorney's own affidavit as well as "information about rates actually billed and paid in similar lawsuits." *Id.*

---

[3] *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

4

Plaintiff's counsel, Salar Ali Ahmed, submitted a declaration detailing the hours he worked and information about past cases in which, according to his declaration, he was awarded attorney's fees in amounts that support a rate of $500 per hour. ECF No. 32. Ahmed submitted no other information about hourly rates in the Houston area. *See id.* Defense counsel points out that one of the cases Ahmed cites for the proposition that he was awarded $500 per hour in a recent FLSA case in fact settled during a conference with the court for a fraction of that amount. ECF No. 14 at 8. This appears to be true. *See Alam v. Kabani,* H-18-cv-3350, ECF Nos. 9-2, 22 (S.D. Tex. Feb. 28, 2019) (awarding $1,200 in attorney's fees on a case where Ahmed claimed to have worked more than fifty hours). During the July 22, 2022 oral argument on this motion, Mr. Ahmed admitted that he was not actually awarded $500 per hour in the *Alam* case and explained that the case was an "outlier."

The court has reviewed the other cases that Ahmed cites in support of his $500 per hour rate, ECF No. 32 at 3–4, and finds most of them to be unhelpful in determining an appropriate hourly rate. Several of the cited cases were resolved on default judgment and thus the requested rate was uncontested. Because an attorney's unopposed requested hourly rate is generally assumed to be *prima facie* reasonable, the court is reluctant to rely on cases granting default judgment as evidence of Ahmed's hourly rate in this contested case. *See Shaw v. Ciox Health LLC,* Civil Action No. 19-14778, 2021 WL 928032 at *2 (E.D. La. Mar. 11, 2021) (awarding

the requested, uncontested hourly rate but expressly making no finding that the rate was reasonable).

Two other cases cited were resolved by settlement. ECF No. 32 (citing *Mustafa v. New Express Mobil Mart, Inc.*, H-14-cv-1668, ECF No. 22 (S.D. Tex. Aug. 24, 2015), and *Masihuddin v. 1464 Business, Inc.*, H-16-cv-737, ECF No. 13 (S.D. Tex. Aug. 8, 2016)). The docket sheets of these two cases do not provide any information about the hourly rate that was awarded and there is no indication that the court engaged in any analysis of hourly rate. The court disregards these cases as well.

There are three contested cases cited wherein the court determined the reasonable hourly rate for Mr. Ahmed. In *Pathan v. Basit Enters.*, No. H-09-1506, ECF No. 48 (S.D. Tex. Jan. 18, 2011), Judge Hittner took notice of two of Mr. Ahmed's prior cases as well as the Texas State Bar's 2009 Hourly Fact Sheet and fixed Mr. Ahmed's hourly rate at $275 per hour. Judge Hoyt awarded attorney's fees at an hourly rate of $350 per hour after reducing the number of hours requested from 182.2 to 30. *See Irfan v. Expert Cleaners, Inc.*, No. H-11-520, ECF Nos. 26-2 at 4, 29 (S.D. Tex. June 27, 2012). Judge Gilmore found Ahmed's reasonable hourly rate to be $375. *See Ali v. Circle T Quick Stop, Inc.*, No. H-11-1459, ECF No. 41 (S.D. Tex. May 22, 2013).

6

The court has also reviewed State Bar of Texas statistical reports of median hourly rates for labor and employment attorneys in Houston over several years. *See* State Bar of Tex. 2019 Income & Hourly Rates (2019 Report); State Bar of Tex. Dep't of Research & Analysis 2015 Hourly Fact Sheet (2015 Fact Sheet). Page 9 of the 2019 Report, titled "Hourly Rates" shows that attorney hourly rates increased by an average of 2.75% per year between 2007 and 2019. Using that average increase, the present value of the rates awarded in the three cases cited above are as follows:

| Year | Rate | Present Value |
| --- | --- | --- |
| 2011 | $275 | $370 |
| 2012 | $350 | $459 |
| 2013 | $375 | $478 |

According to those same reports, in 2015 the median hourly rate in Texas for labor and employment attorneys was $278 per hour. In Houston, that median rate was $285 per hour. In Texas, the median rate for all attorneys was $260 per hour, while attorneys with more than sixteen years of experience billed a median hourly rate of $300 per hour. That is, attorneys with more than sixteen years of experience billed 15% more than the median.

Starting with $285 per hour for all labor and employment attorneys in Houston in 2015 and assuming a 2.75 percent growth rate through 2022 results in a present

7

value hourly rate of $344 for all labor and employment attorneys in Houston in 2022. Adding 15% to that results in a present value hourly rate of $395 for labor and employment lawyers in Houston with more than 16 years of experience, which is the demographic into which Mr. Ahmed falls.

Taking together the rates that Mr. Ahmed has reported, including at least one case where his rate was much lower than he reported it to be, and the Texas State Bar data, the court concludes that an hourly rate of $400 is reasonable.

### ii. Reasonable Number of Hours

The court's next task is to determine the number of hours reasonably expended on the case. The court must review the timesheets submitted by counsel and exclude those hours that are excessive, duplicative, or not adequately documented. *Pathan*, 2011 WL 13244519 at *5.

Plaintiff's counsel has documented 156.5 hours but has reduced those hours by 30% to demonstrate that he has exercised billing judgment. ECF No. 32 at 2, 11. He thus seeks only 109.55 hours. The court will engage in its own independent review of the hours worked to determine what is reasonable.

The court first notes that Plaintiff's counsel is highly experienced and handles FLSA cases on a routine basis. Many of the issues confronted in FLSA cases are routine and are well understood by experienced counsel. Plaintiff's counsel claims to have spent 37.00 hours drafting and serving discovery requests. ECF No. 32 at 8.

While the court understands that there were several defendants in this case, it is entirely excessive for experienced counsel to spend almost an entire workweek preparing discovery. The court reduces the requested hours by 18.5.

Counsel spent 13.25 hours conducting basic research into matters such as proper parties to an FLSA action, individual liability under the FLSA, and whether the case should be brought as a collective action. ECF No. 32 at 6. This was excessive time for routine tasks. The court reduces the hours by 6.25.

Other time entries seem at the high end of time that ought to have been spent, but the court cannot say definitively that the entries are excessive or duplicative. *See e.g.,* ECF No. 32 at 10 (documenting 13.75 hours to draft discovery motions). Other time entries, billed in blocks of .25 hours include items such as receiving and reviewing notices and resets from the court. *Id.* at 6–11. It is hard to say exactly how long these tasks should have taken, but many could have been performed by administrative staff. In any event they are excessive and demonstrate a lack of billing judgment.

The 156.5 hours documented is reduced by 24.75 to 131.75. A further reduction on the order of twenty hours to account for billing judgment would bring the total number of hours very close to the 109.55 hours currently being requested by counsel. The court finds that 109.55 hours is reasonable.

The lodestar is therefore $400 per hour multiplied by 109.55 hours, for a total of $43,820.

### iii. Johnson Factors

The *Johnson* factors, which the court considers in determining whether any adjustment to the lodestar figure is necessary, include: (1) time and labor required for the litigation; (2) novelty and difficulty of the questions presented; (3) skill requisite to perform the legal services properly; (4) preclusion of other employment; (5) customary fee; (6) whether the fee is fixed or contingent; (7) limitations imposed by the client or circumstances; (8) amount involved and the result obtained; (9) experience, reputation, and ability of the attorneys; (10) undesirability of the case; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19.

The court concludes that none of these factors favors an increase or decrease in the lodestar amount. In fact, many of the *Johnson* factors are somewhat duplicative of the factors the court used in determining the hourly rate and the reasonable number of hours expended. No adjustment is warranted.

### b. Costs

In FLSA cases, the only costs that can be awarded are those listed in 28 U.S.C. § 1920 unless "explicit statutory or contractual authorization" provides for recovery of others. *See Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir.

2010) (quoting *Cook Child.'s Med. Ctr. v. The New England PPO Plan of Gen. Consol. Mgmt. Inc.*, 491 F.3d 266, 274 (5th Cir. 2007)); *Black v. SettlePou, P.C.*, No. 3:10-CV-1418-K, 2014 WL 3534991, at *12 (N.D. Tex. July 17, 2014) (finding that "costs not specifically listed in Section 1920 are not recoverable by a prevailing FLSA plaintiff even if they are of the sort a lawyer would normally charge to a fee-paying client").

Plaintiff seeks reimbursement in the amount of $742 in costs under 28 U.S.C. § 1920. He seeks $402 for the filing fee and $340 in costs to serve process. The latter costs are not recoverable under section 1920. Plaintiff is entitled to $402 in costs.

## 5. Conclusion

Because there are no genuine issues of material fact and Plaintiff is entitled to judgment as a matter of law, the court recommends that Plaintiff's summary judgment be GRANTED and that Plaintiff be awarded:

$16,660 in actual damages;

$16,660 in liquidated damages;

$43,820 in attorney's fees; and

$402 in costs.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ.

P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on July 25, 2022.

_____
Peter Bray
United States Magistrate Judge